IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Judge Jorge Alonso |
| | Case No. 16 cv 07218 |
| Carl Manzo, | Appeal from U.S. Bankruptcy Court |
| Appellant/Debtor. | Bankruptcy Court Case No. 15 B 21192 |
| | Bankruptcy Judge: Hon. Pamela Hollis |

# APPELLANT'S BRIEF

Ainat Margalit
Attorney for Appellant, Carl Manzo
LAF (Legal Assistance Foundation)
120 S. LaSalle, Suite 900, Chicago, IL 60603
312-229-6382
amargalit@lafchicago.org

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………….……ii

STATEMENT OF JURISDICTION…………………………………………………….1

STATEMENT OF ISSUES……………………………………………………………….1

STANDARD OF REVIEW……………………………………………………………….1

STATEMENT OF THE CASE…………………………………………………………2-4

SUMMARY OF THE ARGUMENT……………………………………….…………….5

ARGUMENT…………………………………………………………………..……...6-11

    I.    Social Security Benefits are Exempt from Creditors and Not included in the Bankruptcy Estate………….………...................6-8

    II.    The Failure to Submit an Asset, Which is not Property of the Bankruptcy Estate, to Pay Unsecured Creditors Cannot Be Bad Faith ………………………………………………………………………..8-11

CONCLUSION…………………………………………………………….……....12

# TABLE OF AUTHORITIES

**Cases**:

*Anderson v. Cranmer (In re Cranmer),* 697 F.3d 1314 (10th Cir. 2012)............5,9,10

*Beaulieu v. Ragos (In re Ragos),* 700 F.3d 220 (5th Cir. 2012)........................5,9,10

*Carpenter v. Ries (In re Carpenter),* 614 F. 3d 930 (8th Cir. 2010).........................7

*Drummond v. Welsh (In re Welsh),* 711 F.3d 1120 (9th Cir. 2013)...…..….………5,9,11

*Halas v. Platek,* 239 B.R. 784 (N.D. Ill. 1999)........................................................1

*Hamilton v. Lanning,* 560 U.S. 505 (2010)..........................................................10

*In re Canniff,* 498 B.R. 213 (Bankr. S.D. Ind. 2013) .............................................9

*In re Franklin,* 506 B.R. 765 (Bankr. C.D. Ill. 2014)..............................................7

*In re Midway Airlines, Inc.* 383 F.3d 663 (7th Cir. 2004) ......................................1

*Law v. Siegel,* 134 S. Ct. 1188 (2014)…………….………………………………....8

*Matter of Love,* 957 F.2d 1350 (7th Cir. 1992)......................................................8

*Orius Corp. v. Quest Corp.*, 373 B.R. 555 (N.D. Ill. 2007)………………….….…...1

*Mort Ranta v. Gorman,* 721 F.3d 241(4th Cir. 2013) )…..…………………...…....9

*Philpott v. Essex County Welfare Board,* 409 U.S. 413 (1973)...……………….....7

**Statutes and Rules:**

11 U.S.C. § 101(10A)(A)……………………………………………………………...9,10

11 U.S.C. § 522…….…………………………………………………………………..6,7

11 U.S.C. § 522(b)……………………………………………………………………....6

11 U.S.C. § 522(c)……………………………………………………………………7,8

11 U.S.C. § 522(d)……………………………………………………………………….6

11 U.S.C. § 1325(a)…………………………………………………………………...8, 18

11 U.S.C. § 1325(a)(3)………………………………………………………………..8,11

11 U.S.C. § 1325(b)……………………………………………………………………10,18

11 U.S.C. § 1325(b)(1)(b)…………………………………………………………....9,10

28 U.S.C. § 158(a)(3)……………………………………………………………………1

42 U.S.C. § 407…………………………………………………………………………10

42 U.S.C. § 407(a) ……………………………………………………………….2,6,7,9

Fed. R. Bankr. 8001………………………………………………………………….…1

Fed. R. Bankr. 8004………………………………………………………………….…1

iii

## STATEMENT OF JURISDICTION

Debtor-Appellant, Carl Manzo, brings this appeal pursuant to Fed. R. Bankr. P. 8001 and 8004 and 28 U.S.C. § 158(a)(3). Mr. Manzo appeals the bankruptcy court's June 29, 2016, order denying confirmation of Debtor's Chapter 13 Plan. The order is a final judgment. The notice of appeal and motion for leave to appeal was filed on July 13, 2016, within 14 days after denial of confirmation. Leave to appeal was granted by this court on November 15, 2016.

## STATEMENT OF ISSUES

Whether a bankruptcy court can consider exempt assets that are not part of the bankruptcy estate in determining whether a Chapter 13 plan was filed in good faith.

## STANDARD OF REVIEW

The standard of review for all the issues in this case is *de novo*, because they present only questions of statutory interpretation—the relevant facts were not in dispute. A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004). A district court reviewing an issue *de novo* must make an independent judgment of the issues without giving any deference to the bankruptcy court's findings. *Orius Corp. v. Quest Corp.*, 373 B.R. 555, 567 (N.D. Ill. 2007); *Halas v. Platek,* 239 B.R. 784, 787 (N.D. Ill. 1999). Because the bankruptcy court improperly considered Mr. Manzo's exempt assets when determining whether his Ch. 13 plan was filed in good faith, its order must be reversed.

## STATEMENT OF THE CASE

Mr. Manzo filed his chapter 13 bankruptcy case on June 18, 2015. (R. 2).

Mr. Manzo filed Schedule C, in which he claimed an exemption of $7,642.94 for Social Security funds in a First Financial Federal Credit Union account and a Chase Bank account based on 735 ILCS 5/12-1001(g)(1). (R. 22).

The source of these funds was a lump sum payment of social security disability benefits awarded to Mr. Manzo after his claim for disability benefits was retroactively approved. (R. 115). Mr. Manzo received the retroactive benefits on March 1, 2013. (R. 115).

On August 14, 2015, the Chapter 13 trustee (the "Trustee") filed a motion objecting to the exemption of the $7,642.94. (R. 71).

On August 18, 2015, Mr. Manzo filed an amended Schedule C, adding an exemption for his Social Security funds under federal statute 42 U.S.C. § 407(a). (R. 76).

On October 7, 2015, creditor Seaway Bank and Trust Company ("Seaway") joined the Trustee's objection. (R. 78).

On April 13, 2016, the court denied the Trustee's motion objecting to the exemption of the $7,642.94, finding that the entire amount was exempt. (R. 139).

On April 29, 2016, Mr. Manzo filed a modified Chapter 13 Plan (the "Plan"). (R. 145).

Mr. Manzo owns a home, in which he currently resides, at 842 West Ainslie Street, Unit G3, Chicago, IL 60640 (the "Property"). (R. 10,17). The Property is valued at $42,000. (R. 17).

U.S. Bank, National Association ("U.S. Bank") filed a claim against the Property for $51,335.03, of which $42,000 is secured ("U.S. Bank's Claim"). (R. 90, 99). Seaway has a second lien on the Property in the amount of $9,365.61 ("Seaway's Claim"). (R. 23, 90).

Mr. Manzo's Plan classified Seaway's Claim as unsecured due to the Property's value being less than the amount of U.S. Bank's Claim. (R. 142). Seaway is the only unsecured creditor under the Plan. (R. 90).

The total household income, as stated in Mr. Manzo's Schedules I and J, is $1,579.00, and total household expenses, are $1,549.00, leaving $30.00 available monthly for plan payments. (R. 30-33).

The Plan proposed the Debtor would pay $469.09 per month directly to U.S. Bank, $30 per month for 36 months to the trustee for a total of $1,080 (less trustee fees) to unsecured creditors and that unsecured creditors would be paid not less than 7 percent of their allowed amount. (R. 145-149).

As the only unsecured creditor, Seaway would not receive less than seven percent of its allowed amount under the Plan. (R. 147).

On May 25, 2016, the court held a hearing on the confirmation of the Plan. (R. 153-157).

The Court denied confirmation of Mr. Manzo's plan, finding that it was filed in bad faith because of "the combination of a lien strip of a mortgage [Seaway's Claim] where its full value is sitting in a checking account." (R. 164).

The court continued the confirmation hearing and noted for the next hearing

3

as follows: "If the modified plan commits half of . . . funds in the account, confirm over objection." (R. 163).

Mr. Manzo did not file an amended plan.

On June 29, 2016, the Court denied confirmation of the Plan. (R. 151).

## SUMMARY OF THE ARGUMENT

The courts that have ruled on the intersection of good faith and exempt social security funds have not even engaged in a good faith analysis because the prevailing opinion is that these funds need not be considered when determining good faith. See reasoning in *Anderson v. Cranmer* (*In re Cranmer*), 697 F.3d 1314, 1318-19 (10th Cir. 2012); *Beaulieu v. Ragos* (*In re Ragos*), 700 F.3d 220, 226-27 (5th Cir. 2012); *Drummond v. Welsh* (*In re Welsh*), 711 F.3d 1120, 1131-33 (9th Cir. 2013).

## ARGUMENT

### I. Social Security Benefits are Exempt from Creditors and Not included in the Bankruptcy Estate

Upon the filing of a petition in bankruptcy, section 522 of the Bankruptcy Code provides that a debtor is entitled to retain certain assets as exempt from the bankruptcy estate. 11 U.S.C. § 522. Section 522(b) allows a debtor to claim either the federal bankruptcy exemptions listed in subsection (d) or exemptions available under nonbankruptcy law, unless the applicable state law precludes the debtor from claiming the federal bankruptcy exemptions. Section 522(b), in essence, authorizes each state to "opt-out" of the scheme of exemptions provided under federal bankruptcy law, restricting its residents to the exemptions provided under the law of that state and under federal statutes other than section 522(d). Illinois has exercised that opt-out option, thus mandating the use of other federal exemptions plus the exemption statutes enacted in Illinois. One such nonbankruptcy federal exemption is that provided for social security benefits.

Social security benefits are exempt from creditors and the bankruptcy process under the Social Security Act, 42 U.S.C. § 407(a). Section 407(a) of the Social Security Act states:

> (a) In general
>
> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment,

6

> garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).

The United States Supreme Court, in *Philpott v. Essex County Welfare Board*, found that social security funds on deposit in a bank account which were "readily withdrawable" were "moneys paid" under 407(a). 409 U.S. 413, 416-17 (1973). In *Carpenter v. Ries* (*In re Carpenter*), the Eighth Circuit held that that 42 U.S.C. § 407 "operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate." 614 F. 3d 930, 936 (8th Cir. 2010). Additionally, the Eighth Circuit concluded that social security proceeds were automatically excluded from a bankruptcy estate and that the debtor need not even claim an exemption in such proceeds. *Id*. at 936-37. See also *In re Franklin*, 506 B.R. 765, 769 (Bankr. C.D. Ill. 2014) (stating that Illinois has opted out of the federal bankruptcy exemptions, therefore, Illinois residents can exempt property under Illinois exemption statutes and federal non-bankruptcy exemption statutes, such as 42 U.S. § 407(a) of the Social Security Act).

Here the Bankruptcy Court held that the funds in Mr. Manzo's bank account were exempt assets. (R. 139)

Section 522(c) provides that exempted property is not liable for any prepetition debt (with certain inapplicable exceptions). The US Supreme Court recognized several general principles emanating from section 522, including that it "does not give courts discretion to grant or withhold exemptions based on whatever consideration they deem appropriate," and that the "Code's meticulous—not to say

7

mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Law v. Siegel*, 134 S. Ct. 1188, 1196, (2014). (There, the Court disavowed the long-standing non-statutory basis for disallowing an exemption where a debtor fraudulently conceals an exempt asset, determining that courts do not have a general equitable power to deny exemptions based on a debtor's bad faith conduct.)

Allowing the Bankruptcy Court to force Mr. Manzo to pay exempt funds into the plan would contravene section 522(c)'s mandate that exempted property is "not liable" for debts included in the bankruptcy case. Applying *Law v. Siegel*, the Bankruptcy Court had no authority to force the Debtor to pay exempt assets to an unsecured creditor.

## II. The Failure to Submit an Asset, Which is not Property of the Bankruptcy Estate, to Pay Unsecured Creditors Cannot Be Bad Faith

Section 1325(a) provides that a court shall confirm a debtor's bankruptcy plan under certain conditions. 11 U.S.C. § 1325(a). Section 1325(a)(3) provides that a plan shall be confirmed if "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

In evaluating good faith necessary for confirmation, the bankruptcy courts are directed to look at the totality of circumstances and, thereby, make good faith determinations on a case-by-case basis. *Matter of Love*, 957 F.2d 1350, 1355 (7th Cir. 1992). However, every court of appeals that has examined the intersection of good faith and exempt social security benefits has categorically rejected the Bankruptcy Court's conclusion that a totality of the circumstances analysis allows

8

consideration of exempt assets. In these cases, the courts do not even engage in a good faith analysis, but rather conclude that the failure to pay social security funds into a bankruptcy plan cannot show a lack of good faith.

The Fifth, Ninth, and Tenth Circuits have all addressed the issue of good faith regarding payment of social security benefits into a chapter 13 plan. *Anderson v. Cranmer (In re Cranmer)*, 697 F.3d 1314, 1318-19 (10th Cir. 2012); *Beaulieu v. Ragos (In re Ragos)*, 700 F.3d 220, 226-27 (5th Cir. 2012); *Drummond v. Welsh (In re Welsh)*, 711 F.3d 1120, 1131-33 (9th Cir. 2013). In *Cranmer, Ragos*, and *Welsh*, the courts of appeals specifically reject that failure to pay social security proceeds into a chapter 13 exhibits a lack of good faith. *Cranmer*, 697 F.3d at 1318; *Ragos*, 700 F.3d at 226-27; *Welsh*, 711 F.3d at 1131-33.

In fact, in these cases, the courts do not even engage in a good faith analysis. Rather, the courts conclude that because social security income is excluded from bankruptcy under 42 U.S.C. § 407, and from the definition of current monthly income under § 101(10A)(A), and, therefore, from the calculation of disposable income under § 1325(b)(1)(B), the failure to pay social security income into a bankruptcy plan cannot be bad faith. *Cranmer*, 697 F.3d at 1318; *Ragos*, 700 F.3d at 226-27; *Welsh*, 711 F.3d at 1131-33; see also *Mort Ranta v. Gorman*, 721 F.3d 241, 253, n. 15 (4th Cir. 2013) (noting that such a result is true for both an above median and below median debtor); *In re Canniff*, 498 B.R. 213, 217 (Bankr. S.D. Ind. 2013) (holding that "[b]ecause Congress unambiguously clarified the amount a debtor is

9

required to pay in § 1325(b), the good faith analysis should not be considered when determining a payment amount").

In *Ragos*, the debtors' plan, as proposed, allowed them to retain the overwhelming majority of their social security income. 700 F.3d at 222. The trustee claimed that the debtors' plan was not proposed in good faith. Id. at 226-27. The Fifth Circuit found that because the definition of current monthly income under 11 U.S.C. 101(10A)(A) excluded social security benefits, the debtors did not need to commit their social security income to the plan. *Id*. at 226. The Fifth Circuit concluded "it is apparent that Debtors are not in bad faith merely for doing what the Code permits them to do. We thus hold that retention of exempt social security benefits alone is legally insufficient to support a finding of bad faith under the Bankruptcy Code." *Id*. at 227.

Next, in *Cranmer*, the debtor's plan allowed him to keep a portion of his social security funds each month. 697 F.3d at 1316. The Tenth Circuit found that under *Hamilton v. Lanning*, 560 U.S. 505, 517 (2010), the debtor's disposable income should be calculated only as set out in 11 U.S.C. § 1325(b)(1)(B) unless there are known changes to the debtor's income or expenses for the future. *Id*. at 1317-18. The Tenth Circuit found that the exclusion of social security from the definition of current monthly income was further supported by the language of 42 U.S.C. § 407. *Id*. at 1318. Rejecting a good faith inquiry, the court stated "[w]hen a Chapter 13 debtor calculates his repayment plan payments exactly as the Bankruptcy Code and

the Social Security Act allow him to, and thereby excludes SSI, that exclusion cannot constitute a lack of good faith." *Id*. at 1319.

Finally, in *Welsh*, one of the debtors collected social security which was not calculated into her plan payment. 711 F.3d at 1122. The Trustee objected that the debtor's failure to provide social security income to repay unsecured creditors demonstrated a lack of good faith under § 1325(a)(3). *Id*. at 1131. The court responded "[w]e cannot conclude, however, that a plan prepared completely in accordance with the very detailed calculations that Congress set forth is not proposed in good faith." 711 F.3d at 1131.

As these cases illustrate, when a debtor's plan complies with the Bankruptcy Code, courts do not need to engage in a good faith analysis under § 1325(a)(3) concerning a debtor's retention of social security funds. Here Mr. Manzo's plan, in all respects, complies with the Bankruptcy Code and therefore, denial of confirmation was improper.

## CONCLUSION

The Bankruptcy Court erred in finding that Mr. Manzo's Ch. 13 plan was not filed in good faith. This Court should reverse the lower court's decision.

        Respectfully submitted,

        /s/ *Ainat Margalit*

        One of the Attorneys for Debtor-Appellant,

        Carl Manzo

Ainat Margalit ARDC #6281966
LAF
120 South LaSalle Street Suite 900
Chicago, IL 60603
312.229.6382
amargalit@lafchicago.org